AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. M-20-2653-M |
| 1. Savannah IVARSON (1986/USA) | ) | |
| 2. Timothy PERKINS (1973/USA) | ) | |
| | ) | |
| Defendant(s) | ) | |

United States District Court
Southern District of Texas
FILED

DEC 01 2020

David J. Bradley, Clerk

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **November 30, 2020** in the county of **Hidalgo** in the **Southern** District of **Texas**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC § 963 | Conspiracy to Illegally Import a Controlled Substance / Approximately 74.34 Kilograms of Methamphetamine, a Schedule II Controlled Substance. |

This criminal complaint is based on these facts:

See Attachment "A"

☑ Continued on the attached sheet.

Complaint authorized by: AUSA Dan Chung

Submitted by reliable electronic means, sworn to and attested to telephonically per Fed. R. Cr. 4.1, and probable cause found on:

Date: 12/1/20 - 7:18 c.h.

City and state: McAllen, Texas

/s/ Lori Pendergrass
*Complainant's signature*

Lori Pendergrass, HSI Special Agent
*Printed name and title*

*Judge's signature*

U.S. Magistrate Judge Juan F. Alanis
*Printed name and title*

**Attachment "A"**

I, Lori Pendergrass am a Special Agent of the United States Homeland Security Investigations (HSI) and have knowledge of the following facts. The facts related in this attachment do not reflect the totality of information known to me or other agents/officers, merely the amount needed to establish probable cause. I do not rely upon facts not set forth herein in reaching my conclusion that a complaint should be issued, nor do I request that this Court rely upon any facts not set forth herein in reviewing this attachment in support of the complaint.

1. On November 30, 2020, Homeland Security Investigations in McAllen, Texas, (HSI McAllen) received a request for investigative assistance from the U.S. Customs and Border Protection (CBP) Office of Field Operations (OFO) at the Anzalduas Port of Entry (POE) in Mission, Texas. CBP Officers (CBPOs) detained Savannah IVARSON (hereinafter IVARSON) and her 12 year-old minor son, both citizens of the United States, while attempting to enter the U.S. with approximately 74.34 kilograms of methamphetamine concealed within aftermarket compartments in all four (4) tires of the vehicle IVARSON was driving.

2. During primary inbound inspection, CBP Officers (CBPOs) obtained a negative oral declaration for fruits, food, alcohol, tobacco, drugs, weapons and currency over $10,000.00 from IVARSON. CBPOs referred IVARSON and the vehicle to secondary inspection for an intensive examination.

3. During secondary inspection, the vehicle was X-rayed, revealing anomalies in all four (4) tires. A K9 Narcotics Detection Dog also alerted to the tire area of the vehicle.

4. A physical search of the vehicle was conducted, and 24 packages were found welded into compartments inside all four (4) tires. CBPO contractors removed the tires and field tested the substance inside the packages which was presumptive positive for the properties and characteristics of methamphetamine.

5. Homeland Security Investigations (HSI) Special Agents (SA) responded to the Anzalduas POE to assist in the investigation. HSI SAs interviewed IVARSON who stated she was hired by unknown persons in Colorado to transport unknown types and quantities of narcotics into the United States. Furthermore, IVARSON stated that she was instructed to travel with her 12-year-old minor son to make the trip to Mexico seem less suspicious. IVARSON stated she was accompanied to the McAllen, Texas area by Timothy PERKINS (hereinafter PERKINS).

6. HSI SAs located PERKINS, who had boarded a Greyhound bus destined to Dallas, Texas utilizing a fictitious name. HSI SAs interviewed PERKINS who, after several fictitious and inconsistent statements, stated that he agreed to drive IVARSON to McAllen, Texas for the specific reason of IVARSON traveling into Mexico to pick up an unknown quantity and type of narcotics and drive them back to Colorado.